**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

NARVIEZ V. ALEXANDER, Plaintiff,

vs.

STATE OF NEVADA, *et al.*, Defendants.

3:11-cv-00217-LRH-RAM

**SCREENING ORDER**

This is a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff filed a *pro se* civil rights complaint in the Seventh Judicial District Court of the State of Nevada in the County of White Pine. Defendants were served on or about February 25, 2011. Defendants filed a Notice of Removal in this Court on March 24, 2011. (ECF No. 1). In the complaint, plaintiff alleged violations of his rights under the United States Constitution. On April 15, 2011, plaintiff filed an amended complaint, which this Court now reviews. (ECF No. 7).

**I. Screening Standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.; see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that,

because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. The Amended Complaint (ECF No. 7)

In the amended complaint, plaintiff brings action against former Nevada Department of Corrections (NDOC) Director Howard Skolnik, NDOC Deputy Director Greg Cox, NDOC Medical Director Bruce Bannister, Ely State Prison (ESP) Nursing Director Terry Jacobs, Dr. Michael Koehn, Nurse Angela Gregersen, ESP Warden Eldon K. McDaniel, ESP Associate Warden Renee Baker, ESP Corrections Caseworker Mark Drain, and Doe defendants. Plaintiff alleges that defendants were deliberately indifferent to his serious medical needs and violated his due process rights.

### A. Dismissal of State Defendants

Plaintiff seeks to bring action against "the State of Nevada in relation to the Nevada Department of Corrections." Defendants the State of Nevada and the Nevada Department of Corrections (NDOC) will be dismissed. States are not persons for purposes of § 1983 actions. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). A governmental agency that is an arm of the state is also not a person for purposes of § 1983 actions. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990). A state's Department of Corrections is an arm of the state, and therefore cannot be sued in a § 1983 action for

damages. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978). Moreover, Eleventh Amendment immunity bars § 1983 actions for damages against state agencies, as well as those where the state itself is named as a defendant, and where state officials are sued in their official capacity. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc*., 506 U.S. 139, 144 (1993); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). As such, defendants the State of Nevada and the Nevada Department of Corrections (NDOC) are dismissed with prejudice.

**B. Count I: Deliberate Indifference to Medical Needs Claim**

A prisoner's claim of inadequate medical needs does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. *Farmer v. Brennan*, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id.* In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), *citing Estelle*, 429 U.S. at 105-06. However, deliberate indifference can be manifested when prison staff and officials intentionally deny or delay access to medical care or intentionally interfere with necessary treatment. *Estelle v. Gamble*, 429 U.S. at 104-05.

In the instant case, plaintiff alleges that he arrived at Ely State Prison on June 9, 2010. (Compl., at p. 5). Once at Ely, plaintiff began to have painful symptoms in his legs, arms, back, and right side. From August through October, 2010, plaintiff received examinations, blood tests, and antibiotic medication from Dr. Martin at Ely State Prison. On November 9, 2010, plaintiff was examined by defendant Dr. Koehn, and more blood tests were performed. (*Id.*, at p. 6). Plaintiff

alleges that, on December 10, 2010, defendant Dr. Koehn diagnosed him as positive for sickle cell trait. Plaintiff's painful symptoms were identified as rhabdomyolysis, a complication of having sickle cell trait. Dr. Koehn informed plaintiff that, as a complication of the sickle cell trait, he was experiencing migraines, nausea, muscle pain, abdomen pain, weakness, and fatigue due to the high elevation and thin air of Ely, Nevada. Dr. Koehn informed plaintiff that there was no treatment option, other than being transferred to a lower elevation facility. (*Id.*, at p. 7). Plaintiff asked Dr. Koehn to order a medical transfer to a lower elevation facility. Dr. Koehn refused to order a medical transfer to another facility, noting that plaintiff's classification points were too high for a transfer. (*Id.*). Plaintiff contends that Dr. Koehn intentionally denied him the only available treatment for his condition. Plaintiff also alleges that on December 14, 2010, and thereafter, he informed defendants Drain, Baker, McDaniel, Skolnik, Bannister, Jacobs, and Gregersen of his medical condition and need for a transfer, but they failed to take any action to have plaintiff transferred to another facility. (*Id.*, at p. 8). Plaintiff has alleged sufficient facts to state a cognizable claim for deliberate indifference to serious medical needs against defendants Koehn, Drain, Baker, McDaniel, Skolnik, Bannister, Jacobs, and Gregersen. *See Estelle v. Gamble*, 429 U.S. at 104-05.

**C. Count II: Due Process Claim**

Plaintiff asserts a due process claim against defendants Baker, Drain, Skolnik, Cox, and McDaniel. Plaintiff alleges that these defendants have arbitrarily placed him in administrative segregation for an indefinite amount of time. Plaintiff alleges that he was placed in administrative segregation first at High Desert State Prison for 322 days. Upon his transfer to Ely State Prison, in June 2010, he was placed in the SHU (segregated housing unit), without any classification hearing, and that he remains housed in the SHU at Ely State Prison. Plaintiff alleges that in the SHU, he has many more restrictions placed on him than the general prison population. Plaintiff alleges that his confinement in SHU is excessive in duration and in degree of restriction.

In *Sandin v. Connor*, 515 U.S. 472, 487 (1995), the Supreme Court adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. *Id*. In doing so, the Court held that liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to

the ordinary incidents of prison life." *Id*. at 484. When a prisoner's classification status imposes an atypical and significant hardship on a prisoner, it implicates due process protections. *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997). The Ninth Circuit has ruled that indefinite confinement to administrative segregation gives rise to a due process liberty interest. *See Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *as amended by* 135 F.3d 1318 (9th Cir. 1998); *see also Jackson v. Carey,* 353 F.3d 750, 755-57 (9th Cir. 2003); *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003). Plaintiff states a cognizable due process claim, based on his continued confinement in administrative segregation, against defendants Baker, Drain, Skolnik, Cox, and McDaniel. This claim may proceed.

**III. Plaintiff's Motion for TRO and Preliminary Injunction (ECF Nos. 11 & 12)**

On May 9, 2011, plaintiff filed a motion for a temporary restraining order and preliminary injunction. (ECF Nos. 11 & 12).[1] Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 129 S. Ct. 365, 376 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 129 S. Ct. at 374). The standard for a permanent injunction is essentially the same as for a preliminary injunction, with the exception that the plaintiff must show actual success, rather than a likelihood of success. *See Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987).

In the instant case, plaintiff seeks an order from this Court directing the defendants to transfer him to a lower elevation facility, based on health considerations. Although plaintiff's allegations state a cognizable claim for relief, as discussed in this order, the Court does not deem injunctive relief appropriate at this juncture. The motion for a temporary restraining order and preliminary injunction is denied, without prejudice to plaintiff bringing another motion later in these

[1] Plaintiff's motion for a temporary restraining order and preliminary injunction was docketed as two separate motions. (ECF Nos. 11 & 12). The motion at ECF No. 11 is an exact duplicate of the motion at ECF No. 12.

proceedings.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that the State of Nevada and the Nevada Department of Corrections are **DISMISSED from this action with prejudice**.

**IT IS FURTHER ORDERED** that the Eighth Amendment deliberate indifference to medical needs claim **SHALL PROCEED** as to defendants Koehn, Drain, Baker, McDaniel, Skolnik, Bannister, Jacobs, and Gregersen.

**IT IS FURTHER ORDERED** that the Due Process claim regarding indefinite confinement in segregated housing **SHALL PROCEED** as to defendants Baker, Drain, Skolnik, Cox, and McDaniel.

**IT IS FURTHER ORDERED** as follows:

1. The Clerk **shall electronically serve a copy of this order, along with a copy of plaintiff's amended complaint (ECF No. 7), on the Office of the Attorney General of the State of Nevada, to the attention of Pamela Sharp**.

2. The Attorney General's Office shall advise the Court within **twenty-one (21) days** of the date of entry of this order whether it can accept service of process for the named defendants. As to any of the named defendants for which the Attorney General's Office cannot accept service, the Office shall file, *under seal*, the last known address(es) of those defendant(s). If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the amended complaint within **thirty (30) days** of the date of the notice of acceptance of service.

3. If service cannot be accepted for any of the named defendant(s), plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for said defendant(s). Plaintiff is reminded that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days of the date the complaint was filed.

**IT IS FURTHER ORDERED** that henceforth, plaintiff shall serve upon defendants, or, if an appearance has been made by counsel, upon their attorney(s), a copy of every pleading, motion, or

other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for defendants. If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein. The court may disregard any paper received by a district judge or a magistrate judge that has not been filed with the Clerk, and any paper which fails to include a certificate showing proper service.

**IT IS FURTHER ORDERED** that plaintiff's motion for an extension of prison copywork limit (ECF No. 3) is **DENIED WITHOUT PREJUDICE** to renewing the motion at a later time in these proceedings.

**IT IS FURTHER ORDERED** that plaintiff's motion for a telephonic conference (ECF No. 10) is **DENIED WITHOUT PREJUDICE** at this juncture.

**IT IS FURTHER ORDERED** that plaintiff's motion for a temporary restraining order and preliminary injunction (ECF Nos. 11 & 12) is **DENIED WITHOUT PREJUDICE.**

Dated this 12th day of May, 2011.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE