# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| NARVIES V. ALEXANDER, | 3:11-cv-00217-LRH (WGC) |
| Plaintiff, | **MINUTES OF THE COURT** |
| vs. | December 6, 2011 |
| STATE OF NEVADA, *et al.*, | |
| Defendants. | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:     JENNIFER COTTER     REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Pending before the court is plaintiff's "Ex-Parte Motion for Extension of Prison Copywork Limit (Emergency)." (Doc. #61.) Plaintiff represents that he has exceeded his $100 copywork limit afforded him by NDOC AR 722.01(7) and requests an additional $100.00 extension to his prison copywork limit.

The court notes that the plaintiff earlier made an "ex parte request for extension of prison copywork limit." (Doc. #3.) That request was denied (without prejudice) in this court's Screening Order of May 12, 2011. (Doc. #13.)

In the instant motion, plaintiff states he needs the extension "for the proper prosecution of his ongoing litigation." (Doc. #61 at 2.) However, he does not provide an explanation of what additional documentation he needs copies "for the proper prosecution" of this lawsuit. The court notes that plaintiff has filed numerous motions and documents to date. (See, Docs. # 11, 12, 18, 19, 23, 25, 38 42.)

Two of the motions referenced above were plaintiff's motions for temporary restraining order and motion for preliminary injunction (Docs. #18 and 19). On October 18, 2011, a Report and Recommendation (Doc. #56) was submitted to the District Judge recommending denial of each of the aforementioned motions. The Magistrate Judge's Report and Recommendation was adopted on November 18, 2011 (Doc. #60). Thus, those motions have been fully briefed and resolved, and plaintiff would not need to file any additional materials with respect to those motions.

MINUTES OF THE COURT
3:11-cv-00217-LRH (WGC)
Date:  December 6, 2011
Page 2

Currently pending is defendants' motion for summary judgment. (Doc. #49.) On December 5, 2011, plaintiff filed his response. (Doc. #62.) Plaintiff indicates he was unable to serve defendants with his opposition (Doc. #62) or the instant motion because he has exceeded his copywork limit.

Although the plaintiff is required by court order (Screening Order, Doc. #13) to serve defendants with a copy of every pleading, and although plaintiff has not done so with respect to the instant motion or his response to the defendants' motion for summary judgment, defendants will have received a copy of those documents via CM-ECF. Therefore, the necessity to extend plaintiff's prison copywork allocation to allow plaintiff to serve these documents is mooted by the fact of electronic service.[1]

Defendants' reply to plaintiff's response to defendants' motion for summary judgment is due on December 22, 2011.  The court does not envision the necessity for plaintiff to file any further materials with the court until a report and recommendation on defendants' motion for summary judgment is submitted to the District Judge.  Plaintiff's motion herein (Doc. #61) is therefore **DENIED without prejudice** pending disposition of defendants' motion for summary judgment.  If, however, plaintiff feels compelled to file additional documentation herein, he is permitted to file a new request for extension of prison copywork limit which will be set for a hearing and will be considered if and only if he identifies the specific documentation he intends to file in this case "for the proper prosecution of his ongoing litigation."

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By:   /s/
       Deputy Clerk

---

[1] This minute order should not be interpreted as exempting plaintiff from the requirements of the Screening Order (Doc. #13) to serve defendants with a copy of every pleading.